| 46 | 269 |
|f 67| 590|

ELIZABETH DUPUY v. THE INHABITANTS OF THE TOWN-
SHIP OF UNION IN THE COUNTY OF BERGEN.

1. The twentieth section of the act of March 23d, 1859, (*Rev.*, *p.* 1017, *pl.* 120,) applies only to injuries resulting from the neglect of such repairs as are required by the general road law to be made. The injury for which suit is brought must result from the insufficiency or want of repair of a public road.
2. The neglect of sidewalks required to be made by a subsequent special law pertaining to the township of Union (*Pamph. L. of* 1874, *p.* 237,) is not within the terms of section 20 of the act of 1859. A township is suable only for such neglect as makes all townships liable under section 20.
3. By the act of 1860, p. 554, it is provided that the act of March 23d, 1859, shall not apply to Bergen county. The re-enactment of the act of 1859 in 1874 (*Rev.*, *p.* 1013, ? 99,) did not extend it over Bergen county. The intent of the revision was to continue the act of 1859 in force with the effect previously given to it.

On demurrer to *narr*.

Argued at February Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and VAN SYCKEL.

For the plaintiff, *H. H. Copeland.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The declaration avers that it is the duty of the inhabitants of said township of Union to keep in repair all sidewalks on the public highways therein in accordance with the requirements of the act of March 4th, 1874, p. 237. That the defendants negligently permitted a portion of the sidewalk on Park avenue, in said township, to ·become and remain out of repair, and that by reason of such neglect the plaintiff, on the 19th day of March, 1883, fell thereon and was injured.

A general demurrer to this declaration raises the question

whether facts stated in the pleading constitute a legal cause of action.

It is conceded to be the settled law of this state that in the absence of statutory provision, an action will not lie against a public corporation in behalf of an individual who has sustained special damage from the neglect of such corporation to perform a public duty. *Strader* v. *Freeholders*, 3 *Harr.* 108 ; *Pray* v. *Jersey City*, 3 *Vroom* 395.

The plaintiff rests his case upon the act of March 4th, 1874, and upon section 120 of the Road act. *Rev., p.* 1017.

The act of 1874 is entitled "A supplement to an act entitled ' An act in regard to certain township officers in the township of Union, Bergen county, and in regard to the power and duty of the town committee of said township.' "

It provides that the said township committee shall keep in repair all sidewalks upon the public highways at the expense of the owners, with material of the same kind as that of which said sidewalks are constructed.

It provides no civil remedy for the injuries laid in the declaration in this case, and there is no liability at common law. *Callahan* v. *Township of Morris*, 1 *Vroom* 160.

The twentieth section of the act of March 23d, 1859, (*Rev., p.* 1017, *pl.* 120,) provides that if any damage shall happen to any person or persons, his, her or their team, carriage or other property, by means of the insufficiency or want of repairs of any public road in any of the townships of this state, the person or persons sustaining such damage shall have the right to recover the same with costs, in an action on the case in any court of competent jurisdiction in this state, against the township by its corporate name.

This section of the Road act applies only to injuries resulting from the neglect of such repairs as are required by the general road law to be made.

The injury must result from the insufficiency or want of repair of a public road. The neglect of sidewalks, required to be made by a subsequent special law pertaining only to the township of Union, is not within the terms of this section. A

township is suable only for such neglect as makes all townships liable under section 20.

In the absence of language in the act of 1874 indicating a contrary intention, the rule of the common law must be held to prevail. But if this is not the correct interpretation of these statutes the plaintiff must fail.

By a special law passed March 22d, 1860, (*Pamph. L., p.* 554,) it was enacted that the act of March 23d, 1859, shall not apply to the county of Bergen. The re-enactment of the last-mentioned act in 1874 (*Rev., p.* 1013, § 99,) did not operate as a repealer of the act of March 22d, 1860, and thereby extend the operation of the act of March 23d, 1859, over Bergen county. The object and intent of section 99 was to continue the act of March 23d, 1859, in force, with the same operation and effect which had previously been given to it. *State* v. *Branin,* 3 *Zab.* 484; *State, Gorum, pros.,* v. *Mills,* 5 *Vroom* 177, 180.

The defendant is entitled to judgment on the demurrer.